UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY LYLES, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-0263-TIA |
| ) | |
| COLUMBIA PUBLIC SCHOOLS ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Sidney Lyles, III's for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds plaintiff is unable to pay the filing fee. See 28 U.S.C. § 1915. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff brings this action for employment discrimination against Columbia Public Schools District, The Curators of the University of Missouri, and Boys and Girls Town of Missouri.  Plaintiff has submitted his cause of action on one of the Court's standard "Complaint" forms alleging essential facts of his claim, describing the conduct he believes is discriminatory, and how Defendants are involved in the conduct.  In addition, Plaintiff attached a copy of the Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue letter, dated November 2, 2010.  (Docket No. 1-1, Plaintiff's Exhibit 1).

Plaintiff filed the instant action on February 4, 2011.  His EEOC Right to Sue letter is dated November 2, 2010.  As such, it appears that this action was filed beyond the ninety-day limitation period for filing a Title VII claim in federal court.  See 42 U.S.C. § 2000e-5(f)(1).  Before dismissing Plaintiff's Title VII claims as untimely; however, the Court will afford him the opportunity to show cause as to why this action should not be dismissed as time-barred.  Plaintiff risks dismissal of the Complaint if he fails to comply with this Court's instructions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the complaint.

**IT IS FURTHER ORDERED** that on or before May 9, 2011, Plaintiff shall show cause as to why the Court should not dismiss his Title VII claims as time-barred.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  6th  day of April, 2011.